**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LOUIS SERESERES,** | § | |
| **Plaintiff,** | § | |
| v. | § | **CIVIL NO. 3-12-CV-00454-RFC** |
| | § | |
| **CAROLYN W. COLVIN,**[1] | § | |
| **Acting Commissioner of Social Security** | § | |
| **Administration,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

**PROCEDURAL HISTORY**

On March 16, 2010, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of December 7, 2009. (R:106) His application was denied initially and on reconsideration. (R:54, 62) Plaintiff filed a request for a hearing, which was conducted on July 13,

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2011. (R:30-43) The Administrative Law Judge ("ALJ") issued a decision on August 2, 2011,

denying benefits. (R:14-21) The Appeals Council denied review. (R:1-5)

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the ALJ's step-five determination, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, is supported by substantial evidence.

2. Whether the Commissioner applied an incorrect legal standard in determining that Plaintiff was not disabled.

3. Whether the case should be remanded to the Commissioner for the purpose of awarding benefits or for the purpose of further administrative proceedings.

Plaintiff contends that the ALJ's final determination of non-disability is not supported by

substantial evidence. (Doc. 19 at 2) He contends that the ALJ should have considered the Medical-

Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2 ("Grids") rule applying to sedentary

work at step five of the sequential evaluation, i.e., Rule 201.06, which would have directed a

conclusion that Plaintiff is disabled. (*Id*., at 5) Consequently, Plaintiff seeks a reversal and remand

for an award of benefits or for further administrative proceedings. (*Id*., at 6) Defendant contends

that substantial evidence supports the ALJ's findings  and conclusions, that the proper legal

standards were utilized, and that a remand for an award of benefits or further administrative

proceedings is unwarranted. (Doc. 20)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision

is supported by substantial evidence, and whether the Commissioner applied the proper legal

2

standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## II. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden

3

by the use of opinion testimony of vocational experts or by the use of administrative guidelines provided in the form of regulations, the Grids.  *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982).  If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work.  *Anderson*, 887 F.2d at 632.

In the present case, the ALJ found that Plaintiff had severe impairments of: 1) osteoarthritis; and (2) s/p right tibial fracture with fixation.  (R:16)  The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments.  (*Id*.) After considering the entire record, he determined that Plaintiff had the RFC to perform medium work except standing/walking no more than 2-3 hours in an 8-hour workday; occasional climbing of stairs/ramps, balancing, stooping, kneeling, crouching and crawling; and no climbing of ladders, ropes, or scaffolds.  (R:16-17)  Based on the foregoing, the ALJ found that Plaintiff could perform a reduced range of medium work.  He determined that on the basis of the testimony of the vocational expert, and considering the Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform.  (R:19-20)  A finding of "not disabled" was therefore  appropriate.  (R:20)

### III. The ALJ's Determination of Plaintiff's Residual Functional Capacity

Plaintiff contends that substantial evidence does not support the ALJ's determination that he retains the capacity to perform a reduced range of medium work.  He argues that because his RFC meets all the exertional requirements of sedentary work, but not the exertional requirements of medium work, and because Grid Rule 201.6 directs a conclusion that Plaintiff is disabled based on his strength limitations alone, the grid rules for sedentary, rather than medium work, should have

been applied in Plaintiff's case.  (Doc. 19 at 4-5)  A finding of "disabled" would have followed.  In other words, the sedentary grid rules should have been used to "direct" a finding of disability, rather than applying the medium grid rules as a "framework" for a disability decision.  (*Id.*, at 6)  Hence, Plaintiff was prejudiced by the ALJ's error.

Residual functional capacity ("RFC") is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ.  *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).  In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations.  *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.  *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p.  The relative weight to be given the evidence is within the ALJ's discretion.  *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).  The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record.  *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

## ANALYSIS

In reviewing a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision.  The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education and work history.  *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).  A review of the record

evidence indicates that there is substantial evidence to support the ALJ's conclusion that Plaintiff retained the capacity to perform a reduced range of medium work.

A consultative physical examination of Plaintiff was performed on June 17, 2010 by Dr. Augustine O. Eleje.  (R:222-224)  He concluded that Plaintiff walked with an antalgic gait to the right with use of a cane for ambulation, although claimant could ambulate fine without it.  (R:223)  The alleged pain did not correspond to findings on examination.  Claimant was able to hop with the left leg[2], squat, pick up a pen, and button his clothing.  (*Id*.)  The remainder of his examination was within normal limits.  He opined that Plaintiff would have limitations in moving about and standing.  No other limitations were observed.  (R:224)

In April 2010, Plaintiff was examined at an emergency room.  X-rays of his right ankle were normal.  Neurologically, he was intact.  (R:17, 258)  In July, 2010, Dr. Frederick Cremona, the state agency physician, determined that the Plaintiff could perform a reduced range of medium work with no more than 2 to 3 hours of standing/walking in an 8-hour workday.  (R: 232, 227)  He also concluded that Plaintiff could occasionally lift and/or carry 50 pounds , frequently lift and/or carry 25 pounds, and sit about 6 hours in an 8-hour workday.  (R:226)

The medical opinion of  Dr. Carrillo,  which was not supported by accompanying records, and was otherwise unsupported by the evidence, was given little weight by the ALJ. (R:19)  Similarly, the opinion of Dr. Villasana was afforded little weight, inasmuch as it was inconsistent with his actual findings and was unsupported  by the remaining medical evidence in file.  (*Id*.) The

---

[2] The ALJ indicated that Plaintiff was able to hop but Dr. Eleje limited the hopping to the left leg.  (R:18, 223) In addition, the ALJ found the range of motion in the right knee was 90 degrees without pain.  Dr. Eleje indicated right knee range of motion showed 90 degrees flexion with pain. (*Id*.) Although these differences are not meaningless, they nevertheless do not affect the substantiality of the evidence in the light of the entire record.

opinion of a treating physician may be rejected in situations where it is unsupported by the evidence. *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005).   The Court finds that the ALJ's determination is supported by the record.

As part of making his determination, the ALJ assessed Plaintiff's credibility and subjective complaints of pain and limitation. It was within his broad discretion to weigh the evidence and make credibility choices. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). The ALJ considered Plaintiff's testimony as well as the medical evidence. On the one hand, he had a litany of complaints urged by Plaintiff. (R:18) On the other hand, the record evidence shows that Plaintiff could drive, shop, walk, and perform postural functions. (R:19) Based upon his review of the entire record of evidence, the ALJ determined that Plaintiff's medically determinable impairments could be expected to cause some of his alleged symptoms but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC assessment. (R:17) Such a decision was within the ALJ's discretion and is supported by the evidence.

At the fifth step, considering the Plaintiff's age, education, work experience, and RFC, as well as the vocational expert's testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R:19) Specifically, the vocational expert testified that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of a cashier. (R:20, 38) The ALJ found that pursuant to *SSR* 00-4p, the vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles. (R:20) There is no question that the hypothetical question posed to the vocational expert incorporated reasonably all disabilities of the claimant recognized by the

7

ALJ, and that Plaintiff and his counsel were afforded the opportunity to correct deficiencies in the ALJ's question by cross-examination; in fact, the hypothetical question posed by the ALJ to the vocational expert was not challenged at all by the Plaintiff at the hearing. *See Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir. 1994) The Court finds that the ALF's fifth step determination is supported by substantial evidence and that the ALJ properly considered the four elements in arriving at this determination. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

Likewise, there is no error in the ALJ's failure to apply the sedentary grid rules. Sedentary work involves lifting no more than 10 pounds at a time, but the ALJ found, and the record supports, that Plaintiff could perform a reduced level of medium work. Medium work as defined in 20 C.F.R. § 404.1567(c) includes the ability to lift no more than 50 pounds at a time with frequent lifting and carrying of objects weighing up to 25 pounds, and the ability to sit 6 hours out of an 8-hour workday, and stand and walk 6 hours out of an 8-hour workday. *See* SSR 83-10, 1983 SL 31251 (describing the exertional requirements of medium work). The ALJ also found that Plaintiff could perform up to 3 hours of standing/walking in an 8-hour day, which exceeds the "no more than 2 hours" in an 8-hour workday requirement of sedentary work. (R:16)  As the Fifth Circuit has held repeatedly, the Commissioner may rely on the medical-vocational guidelines to establish that work exists for a claimant only if the guidelines' evidentiary underpinnings coincide exactly with the evidence of disability appearing in the record. *See, e.g., Lawler v. Heckler* 761 F.2d 195, 197 (5th Cir. 1985). Where any one of the findings of fact does not coincide with the corresponding criterion of a grid rule, the rule does not apply in that particular case, and accordingly does not direct a conclusion of disabled or not disabled. Hence, the sedentary Grid rules do not apply in this case, and Plaintiff is not entitled to relief on this claim.

Finally, because Plaintiff has failed to show that he is disabled as a matter of law, there is no reason to remand this case to the Commissioner for the purpose of awarding benefits. *See Ivy v. Sullivan*, 898 F.2d 1045, 1054 (5th Cir. 1990) (uncontroverted showing of disability). Neither is there a need to remand for further administrative proceedings.

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on May 28, 2014.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

9